**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ira Jon Yates,<br><br>        Plaintiff,<br><br>v.<br><br>County of Pima, et al.,<br><br>        Defendant. | No. CV-18-00405-TUC-RM<br><br>**ORDER** |

Pending before the Court is Defendant County of Pima's Motion to Dismiss ("Motion"). (Doc. 5.) The Motion is fully briefed. (Docs. 6, 7.) On November 6, 2018, the Court heard oral argument and took the Motion under advisement. (Doc. 19.) As set forth below, the Motion will be granted in part.

**Background**

The Complaint alleges as follows: Plaintiff Ira Jon Yates ("Plaintiff") owns approximately 12 acres of real property in Tucson, Arizona, located at 7801 North La Cholla Boulevard, Pima County, Arizona (the "Property"). (Doc. 1-1, ¶ 5.) In 2009, the Property was accessible via two easements: an addressable access easement from La Cholla (the "La Cholla Easement") and a restricted driveway access easement from Como Drive (the "Como Easement"). *Id.* ¶ 6. The Property is zoned for Suburban Ranch use. *Id.* ¶ 9.

In 2006, voters in Pima County passed a measure which included a plan to widen and reconfigure the intersection at La Cholla and Magee Road (the "Intersection

1 Reconfiguration"). *Id.* ¶ 11. Because the Intersection Reconfiguration would eliminate access to the Property via the La Cholla Easement, Plaintiff objected and began discussing possible alternatives that would alleviate the burden of losing the La Cholla easement. *Id.* ¶ 14. In June and July 2009, Defendant advised Plaintiff there was adequate access to the property via the Como Easement. *Id.* ¶ 15.

Construction on the Intersection Reconfiguration began in April 2011. *Id.* ¶ 16. At a meeting in April 2011, Defendant again suggested there was adequate access to the property via the Como Easement. *Id.* ¶ 17. Defendant also advised Plaintiff that it would secure alternative access to the property. *Id.* ¶ 18. The Intersection Reconfiguration, which neared completion in July 2011, eliminated access to the La Cholla Easement. *Id.* ¶ 19. In August 2011, a curb cut was inserted giving the appearance of access via the La Cholla Easement. *Id.* ¶ 20.

In October and November 2011, the parties signed an Agreement to Toll and Extend Filing a Notice of Claim and the Statute of Limitations (the "Tolling Agreement"), which extended all notice-of-claim and statute-of-limitation deadlines by 180 days. *Id.* ¶ 22. Defendant acknowledged in the Tolling Agreement that the intersection might be altered, that alternative access rights might be perfected, or that Defendant might initiate a direct condemnation action to acquire the La Cholla Easement. *Id.* ¶ 23. Instead of doing any of the foregoing, Defendant maintained that the Como Easement provided access to the Property that was adequate to develop the Property. *Id.* ¶ 24.

In December 2016, Plaintiff filed an application with Pima County Development Services to rezone the Property from Suburban Ranch to CR-5 (Multiple Residence Zone). *Id.* ¶ 25. Plaintiff designated the Como Easement and La Cholla Easement as the access points. *Id.* On January 19, 2017, Pima County Development Services advised Plaintiff that the "proposed access onto La Cholla does not meet street standards for corner clearance" and that the Arizona Department of Transportation did not support the proposed use of the La Cholla Easement. *Id.* ¶ 26.

Approximately four months earlier, in August 2016, Plaintiff filed a declaratory judgment action in Arizona Superior Court, Pima County to determine the scope of the Como Easement for purposes of his then-forthcoming rezoning application. *Id.* ¶ 27. On April 12, 2017, the Arizona Superior Court entered its order declaring that the Como Easement was designed to allow access only to the existing structures on the Property and that the Como Easement does not create the rights necessary to develop the Property as intended by Plaintiff. (*Id.*)

Plaintiff's rezoning application expired on April 19, 2018 due to inactivity. *Id.* ¶ 28. Plaintiff contends that the Intersection Reconfiguration "interferes and is inconsistent with [his] use of the [La Cholla] Easement and the […] Property[.]" *Id.* at ¶ 29. Plaintiff submitted a notice of claim on October 6, 2017 to which Defendant did not respond. *Id.* ¶ 30.

Plaintiff alleges an inverse condemnation claim under Arizona law (Count I) and a claim under 42 U.S.C. § 1983, predicated on an alleged taking without just compensation in violation of the Just Compensation Clause of the Fifth Amendment of the United States Constitution (Count II). (*Id.* at 6–7.) Defendant removed this action on August 15, 2018. (Doc. 1.) Thereafter, Defendant timely moved to dismiss Plaintiff's Complaint arguing that Plaintiff failed to file his Complaint within the relevant limitations period. (Doc. 5.)

**Standard of Review**

A complaint must include a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require in-depth factual allegations, it does require more than "labels[,] conclusions, [or] a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be sufficient "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Dismissal under Rule 12(b)(6), Fed. R. Civ. P., may be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court takes "all factual allegations set forth in the complaint . . . as true and construed in the light most favorable to plaintiffs." *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001). However, only well-pleaded facts are given a presumption of truth. *Iqbal*, 556 U.S. at 679. Conclusory allegations—that is, allegations that "simply recite the elements of a cause of action" without supplying underlying facts to support those elements—are not "entitled to the presumption of truth." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

If a complaint falls short of meeting the necessary pleading standards, a district court should dismiss with leave to amend unless the deficiencies of a pleading "could not possibly be cured by the allegation of other facts." *Lacey v. Maricopa County*, 693 F.3d 896, 926 (9th Cir. 2012) ("We have adopted a generous standard for granting leave to amend from a dismissal for failure to state a claim . . . ."). Failing to give leave to amend when a plaintiff could include additional facts to cure a complaint's deficiencies is an abuse of discretion. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637–38 (9th Cir. 2012).

**Discussion**

Count I - Inverse Condemnation

Inverse condemnation actions are subject to a one-year statute of limitations. Ariz. Rev. Stat. § 12-821; *Flood Control Dist. of Maricopa Cty. v. Gaines*, 43 P.3d 196, 201 (Ariz. Ct. App. 2002). A cause of action accrues against a public entity "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." Ariz. Rev. Stat. § 12-821.01(B).

Defendant argues that Plaintiff's claims accrued in 2011, when the parties executed the Tolling Agreement. Plaintiff argues that he could not have realized he was damaged until he learned that neither the La Cholla Easement nor Como Easement would support development of the Property, and that Defendant would not secure alternative

access to the Property. Accepting Plaintiff's position means that his claims accrued on April 12, 2017 when he learned that the only remaining access point to the Property would not support development of the Property. Therefore, Plaintiff was required to file his lawsuit on or before April 12, 2018. Plaintiff did not file his suit until July 12, 2018, making Plaintiff's action roughly three months late.

To save his claim, Plaintiff argues that the Tolling Agreement executed in 2011 extended the statute of limitations for 180 days from the April 12, 2017 accrual date, thus making the filing deadline October 9, 2018 (one year and 180 days later). The Court may consider the Tolling Agreement, which is attached to the Motion, without converting the Motion into one for summary judgment because Plaintiff alleges the agreement's contents in the Complaint and neither party questions the agreement's authenticity. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (discussing the doctrine of incorporation by reference). As explained below, the Court rejects Plaintiff's argument as contrary to the plain language of the Tolling Agreement.

The recitals provision of the Tolling Agreement provides:

> A. Because of the construction undertaken by Pima County on or near Yates' property in the widening of La Cholla Blvd., *Yates may have a claim for damages against Pima County*. However, it is possible that the design of the road improvements might be altered, alternative access rights might be perfected, or Pima County might initiate a direct condemnation action to acquire the existing access easement.
>
> B. *The parties mutually believe that a resolution of Yates' claims is possible*, but additional time is required to reach and finalize any such resolution.
>
> C. The parties further acknowledge that filing a Notice of Claim and the filing of litigation would involve wasted time and resources and potentially interfere with the parties' ability to reach a mutually agreeable resolution.
>
> D. For this reason, the parties have agreed that the time to file a Notice of Claim and the statute of limitations to file an action on Yates' claims should be tolled and each be extended by an additional one hundred eighty (180) days.

(Doc. 5-1, ¶¶ A–D.) (Emphasis added.) The plain language of the Tolling Agreement reveals that the parties believed Plaintiff had an accrued claim that was ripe for litigation at the time the Tolling Agreement was executed (when construction was completed or near completion in July 2011). Because of the parties' belief, the parties desired to resolve Plaintiff's claim without litigation and thus agreed to toll and extend the limitations period, which they believed was already running. Indeed, the Tolling Agreement provides:

> 4. The County does not waive any defenses it may have against a suit filed by Yates by virtue of its extension of the applicable statute of limitations, but does agree not to plead or assert any failure to meet the Notice of Claim time period or statute of limitations as a defense *to any suit where a notice of claim is filed on or before February 10, 2012; and, if denied, any action that is filed by July 10, 2012.*

(*Id.* ¶ 4.) (Emphasis added.)

Defendant's agreement to not assert a statute of limitations prior to any suit filed before July 2012 firmly demonstrates that any extension of the limitations period occurred in 2011 or 2012. Plaintiff's argument that the parties contemplated an extension of the statute of limitations to some unspecified point in the future is contrary to the plain language of the Tolling Agreement.

Alternatively, Plaintiff argues that his claim is timely because Defendant waived the statute of limitations defense, Defendant should be equitably estopped from asserting the statute of limitations defense, and/or the statute of limitations should be equitably tolled. Plaintiff principally predicates his waiver, equitable tolling and estoppel arguments on representations that were alleged to have been made *prior* to the accrual date of April 12, 2017. Both equitable estoppel and equitable tolling apply where the alleged unfair circumstances caused the plaintiff to *miss* the filing deadline. *McCloud v. Ariz. Dep't of Pub. Safety*, 170 P.3d 691, 695 (Ariz. Ct. App. 2007) (equitable tolling); *Roer v. Buckeye Irrigation Co.*, 809 P.2d 970, 972 (Ariz. Ct. App. 1990) (equitable estoppel). Based upon the allegations in Plaintiff's Complaint, Defendants' representations did not cause Plaintiff to miss the filing deadline of April 12, 2018. *See*

Doc. 1-1 at ¶¶ 21, 24. Plaintiff has failed to allege any conduct on the part of Defendant occurred after April 12, 2017 that caused him to not timely file suit.

"[E]quitable tolling and estoppel, which ask whether equity requires extending a limitations period, are for the judge to apply, using her discretion, regardless of the presence of a factual dispute." *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 579 (D. C. Dir. 1998). The Court will allow Plaintiff the opportunity to submit, in affidavit form, facts that occurred from April 12, 2017 (the date Plaintiff became clearly aware of the taking), to July 12, 2018, that he contends allows the Court to determine that the limitations period was equitably tolled or that Defendant either waived or is equitably estopped from asserting the statute of limitations defense. The Court will treat Plaintiff's submission as a motion for summary judgment on the issue of equitable tolling, equitable estoppel and waiver of the statute of limitations regarding Count I. *See Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981) (court may look beyond the pleadings and thereby convert the motion to dismiss into a motion for summary judgment); *DeRoche v. Funkhouse*, 2008 WL 881286, at *6 (D. Ariz. 2008). Defendant will be provided an opportunity to respond.

Count II - Federal Takings Claim

Defendant argues that Plaintiff's federal takings claim is not ripe for review, and because Plaintiff is barred from bringing an inverse condemnation action, his takings claim has been forfeited.

In Arizona, a two year statute of limitations applies to § 1983 claims. *See Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986). In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), the United States Supreme Court held that a federal regulatory takings claim is not ripe for review in federal court until two requirements are satisfied: first, the appropriate government entity makes a final decision regarding the application of property regulations to the plaintiff's property; and second, the plaintiff seeks compensation through available state law procedures, typically an inverse condemnation action. *Id.* at 186–87, 194.

A modified version of *Williamson County*'s timelines analysis applies to a physical taking case. *Daniel v. County of Santa Barbara*, 288 F.3d 375 (9th Cir. 2002). "The first *Williamson County* requirement is automatically satisfied at the time of the physical taking." *Id*. at 382 (citing *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1281 n.28 (9th Cir. 1987)). "The second *Williamson County* requirement remains the same. …the property owner must have sought compensation for the alleged taking through available state procedures." *Id*. (citing *Sinaloa Lake Owners Ass'n v. City of Simi Valley,* 882 F.2d 1398, 1402 (9th Cir. 1989) ("Even in physical taking cases, compensation must first be sought from the state if adequate procedures are available."), *overruled on other grounds by Armendariz v. Penman,* 75 F.3d 1311 (9th Cir. 1996) (en banc)).

As explained above, the Court will consider evidence in support of Plaintiff's argument that the limitations period was equitably tolled or that Defendant either waived or is equitably estopped from asserting the defense of the statute of limitations with regard to Plaintiff's state law inverse condemnation claim. If the Court determines that Plaintiff's state law inverse condemnation claim is timely Plaintiff's federal taking claim will be allowed to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **granted in part and denied in part.** Plaintiff's state law inverse condemnation claim alleged in Count I is untimely and the Tolling Agreement does not save Plaintiff's untimely claim.

**IT IS FURTHER ORDERED** that Plaintiff is given thirty (30) days from the date of this Order to submit to the Court, in affidavit form, facts that occurred from April 12, 2017 to July 12, 2018 that he contends allows the Court to determine that the limitations period was equitably tolled or that Defendant either waived or is equitably estopped from asserting the statute of limitations defense. The Court will treat Plaintiff's submission as a motion for summary judgment on the issue of equitable tolling, equitable estoppel and waiver of the statute of limitations. Defendant may file its response within

thirty (30) after Plaintiff's submission. Plaintiff is given fifteen (15) days from Defendant's response to file a reply.

**IT IS FURTHER ORDERED** that the Court's Order (Doc. 18) entering a stay of discovery shall remain in effect.

Dated this 8th day of November, 2018.

Honorable D. Thomas Ferraro
United States Magistrate Judge